UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANTHONY PERRI,

                 Plaintiff,

-against-

BARACK HUSSEIN OBAMA, President of the
United States of America, et al.,

                 Defendants.
----------------------------------------------------------------x

10-CV-5038 (ARR)

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

ORDER

ROSS, United States District Judge:

      Plaintiff Anthony Perri filed this *pro se* action on October 28, 2010. On November 4, 2010, he filed a motion to transfer this case to a different court and requesting the same injunctive relief sought in the complaint. Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons that follow, the action is dismissed without prejudice.

## BACKGROUND

      Plaintiff's current action alleges that the named defendants and other individuals have released toxic substances into his living quarters. (Complaint ¶¶ 2-3, 13, 16, 17, 19, 20, 23.) He further alleges that the named officials have harassed him using media outlets, police officers, and civilians (Complaint ¶¶ 21-22), "set [him] up in Illegal acts of Entrapment causing [his] incarceration in July 2009, and April 2010" (Complaint ¶¶ 4; see also ¶¶ 14, 18), and continue to "set [him] up in acts of Entrapment on the Street by thousands of women" (Complaint ¶ 15; see also ¶ 20). He seeks injunctive relief to forestall a number of supposed future events. Among other requests, he asks the Court "to restrain said defendants from directing civilians where I reside . . . to cause death, brain damage, cancer, respiratory illness, or heart failure to me or my cat Picasso, in order to obstruct the due course of Justice in this case." (Mot. ¶ 9.) He also

requests declaratory relief and compensatory and punitive damages in the amount of $60 million. (Complaint ¶¶ 36-37.)

Plaintiff requests the appointment of a guardian ad litem and pro bono counsel (Complaint ¶¶ 33-34), and seeks to have this case transferred to a new judge and court in a different circuit "other than the 2nd, 9th, & Circuit Governing, Washington, D.C., Virginia & Maryland" (Motion ¶ 7; see also Complaint ¶¶ 29-30; Motion ¶¶ 2-4).

Plaintiff is a frequent litigant in this Court. See Perri v. Bloomberg, et. al., Docket No. 06 CV 403 (CBA)(E.D.N.Y.) (case pending; awaiting consideration of appointment of a guardian ad litem); Perri v. Cardozo, et. al., Docket No. 06 CV 2846 (ARR)(E.D.N.Y. Sept. 25, 2006) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim on which relief could be granted); Perri v. The United States District Court for the E.D.N.Y., et al., Docket No. 07 CV 282 (ARR) (E.D.N.Y. Jan. 30, 2007)(same); Perri v. The City of New York, et al., Docket No. 08 CV 451 (ARR)(E.D.N.Y. Nov. 13, 2009)(dismissed without prejudice, following appeal and remand). He recently filed an "Emergency Motion for a Preliminary Injunction/Tempor[ar]y Restraining Order" in Docket No. 06-CV-403 (CBA), in which he raised many of the same allegations as in the instant action. The Court denied that motion by Order dated October 25, 2010.

In remanding Docket No. 08-CV-451 (ARR), the Court of Appeals for the Second Circuit directed this Court to consider whether plaintiff was an incompetent person entitled to the protections of Rule 17(c) of the Federal Rules of Civil Procedure. On remand, this Court found that no guardian need be appointed to adequately protect plaintiff, because no guardian ad litem could save plaintiff's claims from dismissal. Docket No. 08-CV-451 (ARR) (E.D.N.Y. Nov. 17,

2009) (Docket Entry 28). Plaintiff's competency to bring suit is currently under evaluation pursuant to Rule 17(c) in another of plaintiff's actions. See Perri v. Bloomberg, 06-CV-403 (CBA) (E.D.N.Y. Aug. 31, 2010) (Docket Entry 195) (directing plaintiff to undergo a psychiatric evaluation). Plaintiff appeared for a psychiatric evaluation on October 8, 2010, and the evaluator submitted a report. 06 CV 403 (CBA) (E.D.N.Y. Nov. 16, 2010) (Docket Entry 205) (directing the Clerk of Court to file the psychiatric report under seal).

## DISCUSSION

Rule 17(c)(2) provides: "The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The duty to "appoint" or "issue another appropriate order" arises after a determination of incompetency. Ferrelli v. River Manor Health Care, 323 F.3d 196, 201 (2d Cir. 2003). A court is under no obligation to inquire sua sponte into a pro se plaintiff's mental competence. Id. at 201, 203. However, the Second Circuit has directed that it would likely be an abuse of discretion not to consider the application of Rule 17(c) if the court "is presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." Id. at 203.

This Court was presented with evidence of plaintiff's history of mental illness in 08-CV-451, and it is therefore obligated to consider the application of Rule 17(c). As noted, plaintiff's competency to bring suit is currently being evaluated in Docket No. 06-CV-403 (CBA). However, the court finds that it need not wait for the appointment of a guardian ad litem in order to adequately protect the plaintiff in this action. See United States of America v. 30.64 Acres of

3

Land, 795 F.2d 796, 805 (9th Cir. 1986) ("[T]he court . . . need not appoint a guardian ad litem if it determines the person is or can be otherwise adequately protected."). The court has carefully reviewed plaintiff's complaint and motion in this case and finds that appointment of a guardian ad litem in this proceeding would be futile, because it appears that no guardian ad litem could save plaintiff's claims from dismissal. Plaintiff's claims regarding the involvement of federal and local officials in a scheme to poison plaintiff and his cat or to entrap him using "thousands of women" are fantastic and incredible.

An action is considered frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). No matter how these allegations forming plaintiff's complaint are presented, they are irrational or wholly incredible. When a court finds the factual allegations to be frivolous, it must dismiss the action or claims. See 28 U.S.C. § 1915(e)(2)(B) (the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

The Second Circuit has advised in cases involving incompetent plaintiffs that "if the court views it as clear that no substantial claim could be asserted on behalf of [an incompetent plaintiff, it may dismiss the complaint, but without prejudice." Berrios v. New York City Housing Authority, 564 F.3d 130, 135 (2d Cir. 2009). Faced with the incredible claims in

4

plaintiff's complaint, and mindful of the need to control costs and conserve judicial resources, the Court finds that no substantial claim could be asserted on plaintiff's behalf in the action. See Burke v. Coughlin, No. 86-CV-1174E (M), 1995 WL 350349, at *1 (W.D.N.Y. May 30, 1995) (declining to appoint a guardian ad litem where the action was unlikely to continue). Accordingly the complaint may be dismissed, without prejudice, and without the appointment of a guardian ad litem.

That a dismissal without prejudice is an appropriate disposition here is also supported by the pendency in this district of plaintiff's previously filed case, Perri v. Bloomberg, 06-CV-403 (CBA), in which the court is weighing the appointment of a guardian ad litem. Although it is hard to conceive of a non-frivolous claim arising out of the instant action, should a guardian ad litem be appointed in the prior case, such a guardian would be free to revisit plaintiff's companion cases or any claims deemed to be viable.

Accordingly, the instant action is dismissed without prejudice.

SO ORDERED.

/S/
_____
ALLYNE R. ROSS
United States District Judge

Dated: November 30, 2010
       Brooklyn, New York